THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIP SPAGNOLI,

                Plaintiff,

    v.

CDK GLOBAL, LLC,

                Defendant.

CASE NO. C24-0083-JCC

ORDER

The parties recently contacted chambers in accordance with the Court's procedures governing the expedited treatment of discovery disputes, as articulated on the Court's web page (*available at* https://www. wawd.uscourts.gov/judges/coughenour-procedures#coughenour5). This order is in response to the parties' request.

During their first call to chambers, the parties explained they had recently deposed Defendant's Rule 30(b)(6) representative, which occurred as the discovery deadline approached. That deponent referenced unproduced background data regarding Defendant's calculation of Plaintiff's earned wages. Plaintiff, believing access to this data is necessary to prosecute his case, then sought supplemental production of it from Defendant. In response, Defendant argued that Plaintiff never previously requested it (contending none of Plaintiff's requests for production or interrogatories covered this data) even though Plaintiff must have been aware of the existence of it prior to the deposition, given the allegations contained in Plaintiff's complaint. And producing

ORDER
C24-0083-JCC
PAGE - 1

it now would be burdensome to Defendant and likely require a prejudicial modification to the scheduling order. However, the parties indicated they would endeavor to resolve the issue without Court involvement if the discovery deadline could be pushed back a couple of weeks. In response, the Court extended the discovery deadline by two weeks but otherwise made no change to the scheduling order. (*See* Dkt. No. 23.)

During the next call to chambers a couple weeks later, the parties communicated that they were at an impasse as to production of this background data. They sought assistance from the Court in resolving this impasse. Plaintiff also indicated that the parties had since attempted to mediate the case. And during the mediation, Plaintiff learned of an unproduced video recording in Defendant's possession relevant to the events leading up to Plaintiff's termination. Plaintiff now seeks to reopen the Rule 30(b)(6) deposition of his supervisor Denton Bales, specifically regarding images captured in the video. Chambers directed the parties to file letter briefs articulating their positions on Plaintiff's late request for production of this background data and request to reopen Mr. Bales' deposition.

The parties did so and the Court has reviewed those submissions (Dkt. Nos. 24, 25), including the supporting declarations (Dkt. Nos. 26–28). From a procedural basis, these are competing requests to protect and to compel discovery. *See* Fed. R. Civ. P. 26(c), 37(a). In such instances, the Court has broad discretion to fashion the relief necessary. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). And it FINDS that the data and testimony which Plaintiff seeks is likely to lead to relevant discovery and that any burden of production or prejudice to Defendant from modifying the scheduling order to allow for this production and testimony is minimal.

Accordingly, the Court ORDERS Defendant to produce the background data described in Plaintiff's letter brief (Dkt. No. 24 at 1–3) and make Mr. Bales available for a 45-minute follow-up deposition relating solely to the video described in Plaintiff's letter brief (*id.* at 3–4). This must occur no later than March 31, 2026. Discovery is reopened solely as to these items. The

ORDER
C24-0083-JCC
PAGE - 2

dispositive motion cut-off is reset to April 17, 2026. All other deadlines remain. (*See* Dkt. No. 22.)

It is so ORDERED this 4th day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-0083-JCC
PAGE - 3